**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

PAULO CESAR MORENO MENDEZ,

Petitioner,

v.

FERETI SEMAIA, et al.,

Respondents.

Case No. 5:26-cv-06578-DFM

ORDER GRANTING IN PART UNOPPOSED PETITION FOR WRIT OF HABEAS CORPUS

## I. INTRODUCTION

Petitioner Paulo Cesar Moreno Mendez, proceeding through counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his civil immigration detention beginning October 23, 2026. See Dkt. 1 ("Petition"). Respondents did not appear or respond by the Court-set deadline. See Dkt. 5. That default does not itself entitle Petitioner to relief, see Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990), so the Court treats the Petition's well-pleaded allegations as uncontested and reaches the merits.

For the reasons stated below, the Petition is **GRANTED** in part. Respondents shall immediately release Petitioner Paulo Cesar Moreno Mendez (A# 087-240-330).

## II. BACKGROUND

Petitioner, a 26-year-old native and citizen of Mexico, has lived in the United States continuously since he was approximately two months old. See Petition ¶¶ 1, 17-18. Petitioner states that the United States is the only home he has ever known and his entire family lives in the United States. See id. ¶¶ 18, 26. Petitioner received all of his schooling in the United States: he completed high school here and graduated from the University of California, Santa Barbara in 2023 with a Bachelor of Arts in Environmental Studies. See id. ¶ 19; id., Ex. 2. Petitioner has no criminal record. See id. ¶ 28.

Petitioner was previously placed in removal proceedings, which were administratively closed in 2012. See id. ¶ 6 & Ex. 3. Since then, the Department of Homeland Security ("DHS") has granted Petitioner Deferred Action for Childhood Arrivals ("DACA"), renewed that grant, collected his fingerprints, conducted background checks, and issued him employment authorization. See id. ¶¶ 22-24. Petitioner alleges that because of his DACA filings and prior removal proceedings, DHS has known his address at all times. See id. ¶ 25. The record indicates that Petitioner's prior DACA expired on February 13, 2026. See id., Ex. 8 (DACA Renewal Request) at 1; see also id. ¶ 71. The record indicates that on October 29, 2026, after his detention, his counsel submitted a renewal request. See DACA Renewal Request. The renewal application is pending with DHS. See Petition ¶ 6.

On October 23, 2026, at approximately 6:50 a.m., Petitioner was driving on a public street in Corona, California, with his valid driver's license, on his way to pick up his brother. See id. ¶ 30. Petitioner saw what he believed was a police car flash its lights at him. See id. ¶ 31. He complied, pulled into a parking lot, readied his identification, and rolled down his windows. See id. Approximately four officers were involved in the stop. See id. ¶ 32. Only when an officer took Petitioner's identification did Petitioner learn that the officers

were with U.S. Immigration and Customs Enforcement ("ICE"). See id. An officer stated that they were looking for "someone specific," but did not provide the name of the person they were looking for. Id. ¶ 33. Per Petitioner, the officers did not appear to know anything about Petitioner before they stopped him; they did not know who he was until he handed them his identification. See id.

The officer asked Petitioner his name and what he was doing, and eventually asked about his citizenship. See id. ¶ 34. Petitioner declined to answer questions about his citizenship, advised the officer that he was exercising his Fifth Amendment right to remain silent, and took out his phone to read his rights to the officer. See id. The officer told him there was no need to do that and to put his phone down; Petitioner complied. See id. At the officers' direction, Petitioner remained in his car while the officers ran his identification. See id. ¶ 35. When the officers returned, an officer stated that they had a warrant for Petitioner's arrest. See id. ¶ 36. Petitioner asked about the warrant. See id. Rather than produce it, an officer began opening the driver's side door to grab Petitioner, and Petitioner was taken into custody. See id. The officers never showed Petitioner a warrant before or during the arrest. See id. ¶ 37. Petitioner alleges, upon information and belief, that no Form I-200 Warrant for Arrest of Alien had been issued for Petitioner before he was taken into custody. See id.

After his arrest, Petitioner was placed in an ICE vehicle and driven to a Walmart parking lot, where he was transferred to another van in which officers gathered other detainees. See id. ¶ 39. He was then taken to San Bernardino, and then to the Adelanto ICE Processing Center, where he remains detained. See id.; https://locator.ice.gov/odls/#/search (search A-Number: "087-240-330," Country of Birth: "Mexico") (last accessed November 13, 2026).

As of the date of his Petition, DHS had not issued or served Petitioner a Notice to Appear. See Petition ¶ 40. Petitioner alleges, upon information and belief, that DHS has not filed a Notice to Appear with the immigration court or moved to recalendar his administratively closed proceedings. See id. Petitioner alleges that he is being held without any charging document and without any pending proceeding in which he can respond to charges. See id. The Executive Office for Immigration Review's Automated Case Information records show that the Immigration Judge administratively closed Petitioner's case in 2012, no appeal was taken, and there are no future hearings. See https://acis.eoir.justice.gov/en/ (search A-Number: "087-240-330," Nationality: "Mexico") (last accessed November 13, 2026).

Petitioner challenges his arrest and detention on four grounds: (1) Respondents violated his right to procedural due process under the Fifth Amendment by depriving him of his liberty interest without notice, an individualized assessment, or a meaningful opportunity to be heard; (2) his warrantless arrest and detention exceed the statutory authority provided for in 8 U.S.C. §§ 1226(a) and 1357(a)(2), and violate the injunction issued in Vasquez Perdomo v. Mullin, No. 2:25-cv-05605-MEMF-SP, 2026 WL 2751388 (C.D. Cal. Sept. 2, 2026); (3) Respondents' decision to arrest and detain him was arbitrary and capricious in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A); and (4) his arrest and detention runs afoul of § 706(2)(A), (C), and (D), as agency action not in accordance with law and in excess of statutory authority. See Petition ¶¶ 64-112. Petitioner seeks unconditional, immediate release to restore the status quo ante and fees. See id. at 24 (Prayer for Relief).

## III. DISCUSSION

A district court may grant a writ of habeas corpus to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Exhaustion is prudential, see Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011), and not argued by the non-responding Respondents.

The non-appearing Respondents have not identified the statutory authority under which they detain Petitioner. In Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026), the Ninth Circuit held that noncitizens present without admission who are apprehended in the interior of the United States are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and that § 1226(a) supplies the governing authority.

Petitioner argues that § 1226(a) does not authorize his continued detention, as the statute permits detention only "pending a decision on whether the alien is to be removed from the United States," and no removal proceeding has been commenced. See Petition ¶ 89. Petitioner alleges that Respondents have not issued a Notice to Appear and, upon information and belief, that Respondents did not make the custody and charging determination that 8 C.F.R. § 287.3(d) required within forty-eight hours of warrantless arrest. Id. ¶¶ 101, 109. Respondents have not contested Petitioner's allegations. Though the Court has its doubts as to whether Petitioner's detention is authorized under § 1226(a) under these circumstances, the constitutional analysis below does not turn on which statute governs Petitioner's detention.

The Fifth Amendment forbids the Government to deprive any person of liberty without due process of law, and "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." Zadvydas v. Davis, 533 U.S. 678, 690 (2001). "A threshold requirement to a substantive or procedural due process

claim is the plaintiff's showing of a liberty or property interest protected by the Constitution." Engquist v. Or. Dep't of Agric., 478 F.3d 985, 996 (9th Cir. 2007) (internal quotation marks and citation omitted).

District courts have "overwhelmingly found" noncitizens with active DACA status have a protected liberty interest. See Villa Cambron v. Johnson, No. No. 26-04624, 2026 WL 2584950, at *5 (C.D. Cal. Sept. 1, 2026). "Even where a noncitizen's DACA status has expired, their liberty interest does not necessarily expire as well." Id. The situation of a noncitizen granted DACA status has been analogized to the situation of a noncitizen who has been encountered and released on supervision. See Ramirez Villagomez v. Hernandez, No. 2:26-cv-02730, 2026 WL 2606484, at *3 (W.D. Wash. Sept. 3, 2026). "This is because DACA requires a robust showing regarding lack of flight risk or danger to the community, which in essence, is the same determination made by immigration officials under § 1226(a)." Id. (internal quotation marks and citations omitted).

Here, Petitioner has lived in the United States for over two-and-a-half decades. See Petition ¶ 1. Petitioner received DACA status over five years before his detention. See id., Ex. 4. At the same time, the record indicates that Petitioner's DACA status expired months before his arrest. See DACA Renewal Request. His application for renewal—which appears to have been filed after his detention—remains pending. See id.; see also id. ¶ 24. The non-appearing Respondents have not contested that Petitioner holds a protected liberty interest. Therefore, the Court finds that Petitioner has a liberty interest in freedom from detention that the Due Process Clause protects. See Soto v. Johnson, No. 26-06039, 2026 WL 3258549, at *2 (C.D. Cal. Oct. 29, 2026).

The sufficiency of the procedures attending a deprivation of liberty is assessed under the three-factor framework of Mathews v. Eldridge, 424 U.S. 319, 335 (1976), which weighs (1) the private interest affected, (2) the risk of

erroneous deprivation under the procedures used and the probable value of additional safeguards, and (3) the Government's interest, including the burdens of additional process. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022) (applying Mathews to immigration detention).

On this record, each factor favors Petitioner. The private interest—freedom from physical confinement—is substantial. The risk of erroneous deprivation is high because Petitioner received no pre-deprivation process: no warrant, no explanation of the basis for his detention, no custody determination he could contest, and no hearing before a neutral decisionmaker in the weeks since his arrest. Additionally, the record does not indicate that Petitioner has been issued a Notice to Appear, either before or after his October 23, 2026 arrest. The uncontested record of Petitioner's decades of residence in the United States, lack of criminal convictions, previously closed removal proceedings, and prior DACA receipt would have real value. And no governmental interest appears. Respondents assert no danger, flight risk, urgency, or other justification for Petitioner's detention, and nothing in the record suggests that appropriate conditions of supervision would not secure his appearance at any immigration proceedings, to the extent any such proceedings are initiated. On this uncontested record, Petitioner's detention without any process violates due process.

Petitioner seeks unconditional, immediate release. See Petition at 24. Given Respondents' non-opposition, immediate release on Petitioner's prior conditions, if any, is appropriate and affords complete relief. Given its disposition, the Court does not reach Petitioner's remaining claims.

## IV. ORDER

For the foregoing reasons, IT IS ORDERED that:

1. The Petition is **GRANTED** in part.

2. Respondents shall forthwith release Petitioner Paulo Cesar Moreno Mendez (A# 087-240-330) on the conditions of release, if any, in effect immediately before his October 23, 2026 detention.

3. Within five (5) days, Respondents shall file a status report confirming compliance with paragraph 2.

4. All other requests for relief are **DENIED**.

5. Any application for fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, shall be filed in accordance with that statute.

Date: November 13, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge